IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD HANSEN, | No. C-12-5666 MMC |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |
| v. | |
| CLEAR CHANNEL OUTDOOR, INC., | |
| Defendant. | |

Before the Court is defendant Clear Channel Outdoor, Inc.'s Motion to Dismiss, filed November 12, 2012. Plaintiff Todd Hansen has filed opposition. Defendant has not filed a reply. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for December 21, 2012, and rules as follows.[1]

In his complaint, plaintiff alleges that from October 1, 2009 through September 15, 2011, he was employed by defendant as President and General Manager of defendant's Bay Area Division, and that the terms of his employment were governed by a written

---

[1] The parties' stipulation, filed November 30, 2012, to continue the hearing to February 8, 2013, the date of the initial case management conference, is DENIED as moot. For future reference, the parties are informed that the Court does not hold hearings on contested motions on the same date as a case management conference.

agreement. (See Compl. ¶¶ 4, 12.) Plaintiff alleges that although he "did all things required of him pursuant to the employment agreement" (see Compl. ¶ 5), he was terminated "without notice and without cause" (see Compl. ¶ 12). According to plaintiff, defendant "terminated [plaintiff] as a pretext to deny his performance bonus for 2011 . . . and to deny him other valuable and substantial benefits of his employment in order to save money and wrongfully inflate [defendant's] profit at [plaintiff's] expense. (See Compl. ¶ 15.) Based on said allegations, plaintiff alleges two causes of action, titled, respectively, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.

In its motion to dismiss, defendant argues that plaintiff has failed to identify any provision of the employment contract, whether express or implied, that defendant is alleged to have breached. The Court agrees.

Under California law,[2] an employment contract having no specified term is presumed to be "at the will of either party." See Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 335 and n.8 (2000) (internal quotation and citation omitted). Where an employee is subject to an "at will" employment agreement, "the employer may act peremptorily, arbitrarily, or inconsistently, without providing specific protections such as prior warning, fair procedures, objective evaluation, or preferential reassignment." See id. at 350. Parties to an employment agreement, however, may agree, either expressly or implicitly, to limit an employer's "termination rights." See id. at 336-37.

Here, plaintiff fails to allege that, under the terms of his employment agreement, defendant's termination rights were limited in any manner. Nor does plaintiff allege that, at the time of his termination, he was entitled to receive, and did not receive, any employment benefit that he had earned. Cf. id. at 353 n.18 (observing "at-will employee" might establish claim where termination was "mere pretext to cheat the worker out of another contract benefit to which the employee was clearly entitled, such as compensation already earned"). Although, as stated above, plaintiff does allege that defendant had a financial

---

[2] The Court's jurisdiction over plaintiff's claims is based on diversity of citizenship.

1  motive to terminate him, specifically, not paying to plaintiff certain benefits he had expected
2  to earn in the future (see Compl. ¶ 15), such allegation is insufficient as a matter of law to
3  state a claim where the employee is an at-will employee. See Guz, 24 Cal. 4th at 350
4  (holding, where employment can be terminated at will, "employee cannot complain about a
5  deprivation of the benefits of continued employment, for the agreement never provided for
6  a continuation of its benefits in the first instance").

   Accordingly, the motion to dismiss will be granted.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED with leave to amend.

If plaintiff wishes to file a First Amended Complaint for the purpose of curing the deficiencies identified above, plaintiff shall file and serve such First Amended Complaint no later than December 21, 2012. If plaintiff does not file a First Amended Complaint on or before December 21, 2012, the instant action will be dismissed.

**IT IS SO ORDERED.**

Dated: December 3, 2012

MAXINE M. CHESNEY
United States District Judge

3