IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD HANSEN,

    Plaintiff,

v.

CLEAR CHANNEL OUTDOOR, INC.,

    Defendant.
_____/

No. C-12-5666 MMC

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING**

Before the Court is defendant Clear Channel Outdoor, Inc.'s motion, filed January 7, 2013, to dismiss plaintiff Todd Hansen's First Amended Complaint. Plaintiff has filed opposition,[1] to which defendant has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for February 15, 2013, and rules as follows.

In plaintiff's initial complaint, plaintiff alleged he is a former employee of defendant and that, when defendant terminated his employment, defendant breached the terms of his written employment contract. By order filed December 3, 2012, the Court granted

---

[1] Plaintiff failed to provide the Court with a chambers copy of his opposition. Nonetheless, the Court has considered it. For future reference, plaintiff is reminded that, pursuant to Civil Local Rule 5-1(e)(7) and this Court's Standing Orders, parties are required to provide for use in chambers one paper copy of each document that is filed electronically.

defendant's motion to dismiss the initial complaint, holding plaintiff had failed to state a claim, in that plaintiff had failed to identify a provision of the parties' employment agreement that had been breached; plaintiff was afforded leave to amend to identify any such provision(s). Plaintiff subsequently filed his First Amended Complaint ("FAC"). In the instant motion to dismiss, defendant contends plaintiff has failed to cure the deficiency identified in the Court's order of December 3, 2012. For the reasons stated below, the Court disagrees.

In the FAC, plaintiff alleges that the parties entered into a written employment agreement in October 2009, under which agreement plaintiff was employed by defendant as President and General Manager of defendant's Bay Area Division. (See FAC ¶ 3.) According to plaintiff, defendant promised to pay him, in addition to a "base salary," an "incentive bonus pursuant to an incentive bonus plan that had two components." (See FAC ¶ 5.) First, plaintiff alleges, defendant promised to pay him a "Branch EBITDA-based incentive bonus,"[2] the amount being "tied to the budget for [defendant's] Bay Area Division"; for the year 2011, plaintiff alleges, defendant promised to pay plaintiff a "bonus of no less than $368,000 if actual EBITDA for the Bay Area Division during 2011 equaled 100% of budget." (See FAC ¶¶ 6, 8.) Second, plaintiff alleges, defendant promised to pay him a "Digital Deployment bonus equal to the number of new digital signs activated in the Bay Area Division multiplied by the per-sign amount set forth in the incentive bonus plan." (See FAC ¶ 9.) Plaintiff further alleges his employment was terminated on September 15, 2011 (see FAC ¶ 19), and that, at the time of the termination, he had "earned and was entitled to receive both a Branch EBITDA-based incentive bonus and a Digital Deployment bonus" (see FAC ¶ 20), but that defendant did not pay him any bonus (see FAC ¶ 21). Based on said allegations, plaintiff alleges two causes of action, titled, respectively, Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing.

In the instant motion to dismiss, defendant, relying on California state court opinions,

---

[2] "EBITDA is an acronym for 'Earnings Before Interest, Taxes, Depreciation and Amortization.'" (See FAC ¶ 6.)

2

argues plaintiff has failed to sufficiently plead the existence of a written employment agreement because plaintiff has not attached to the FAC a copy of the agreement nor quoted verbatim the provisions allegedly breached. As plaintiff correctly points out, however, California pleading rules do not apply to the FAC; rather, the Federal Rules of Civil Procedure apply.³ See Fed. R. Civ. P. 81(c)(1) (providing federal rules of civil procedure apply to civil actions removed from state court).

To the extent defendant suggests plaintiff has failed to comply with federal pleading rules, such argument is unpersuasive. Under federal pleading rules, a plaintiff must allege "a short and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P. 8(a)(2), which rules the Supreme Court has interpreted as requiring the plaintiff allege "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation and citation omitted). Here, plaintiff alleges the parties had an agreement under which defendant was required to pay him two types of bonuses, and sets forth the specific amount of one bonus allegedly owed to him as well as the contractual formula by which the second bonus is to be calculated.⁴ The Court cannot say, at the pleading stage, that if plaintiff proves the factual allegations set forth in the FAC, he would not be entitled to any relief.⁵

According, the motion to dismiss will be denied.

---

³Plaintiff alternatively argues that under California state pleading rules, it is sufficient to allege the existence of a contract by setting forth the "substance of its relevant terms," as opposed to pleading the terms verbatim. (See Pl.'s Opp. at 5.) Because California pleading rules are inapplicable, the Court does not resolve the parties' dispute as to the requirements thereof.

⁴Plaintiff alleges he cannot calculate the amount of the second bonus because defendant has "refused to provide [him] with the information necessary to calculate [it]." (See FAC ¶ 9.)

⁵In so ruling, the Court has not considered a declaration from an employee of defendant who states he was "directly involved" in hiring plaintiff (Leehan Decl. ¶ 2) and denies any "written employment agreement" exists (id. ¶ 4); see Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (1990) (holding "material beyond the pleadings" is not properly considered at pleading stage).

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss the First Amended Complaint is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 1, 2013

MAXINE M. CHESNEY
United States District Judge