MARK A. WASSER (SBN 060160)
**LAW OFFICES OF MARK A. WASSER**
400 Capitol Mall, Suite 2640
Sacramento, California 95814
Tel: (916) 444-6400

Attorneys for Plaintiff
TODD HANSEN

MARIA C. RODRIGUEZ (SBN 194201)
KATHARINE J. LIAO (SBN 255157)
MICHELLE S. KUNIHIRO (SNB 271969)
**DLA PIPER LLP (US)**
550 South Hope Street, Suite 2300
Los Angeles, CA 90071-2678
Tel: 213.330.7700

Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TODD HANSEN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLEAR CHANNEL OUTDOOR, INC., a corporation,<br><br>    Defendants. | CASE NO. 3:12-CV-05666-MMC<br><br>Judge: Maxine M. Chesney<br>Ctrm: 7<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, Plaintiff TODD HANSEN ("Plaintiff"), on the one hand, and Defendant CLEAR CHANNEL OUTDOOR, INC. ("Defendant"), on the other, (collectively, "Party" or "Parties"), have determined that certain information to be produced in this action may contain Confidential Information (as defined below), the unauthorized disclosure of which could be detrimental to the legitimate commercial or privacy interests of a Party or non-Party or would contravene applicable law;

NOW THEREFORE THE PARTIES HEREBY STIPULATE, through their respective undersigned counsel, to entry of the following protective order as an order of the above-captioned Court ("Protective Order") and propose it to the Court as follows:

### STIPULATED PROTECTIVE ORDER

Subject to the approval of this Court, Plaintiff and Defendant by and through their respective counsel of record herein, hereby acknowledge that discovery in this action will involve the disclosure of trade secrets, sensitive financial information, confidential third party information and/or other confidential and proprietary business, technical, and financial information, including without limitation EBITDA and other sales, sales goal, and sales budget data, and employee compensation and bonus plan information, and any other information or document that qualifies for protection under standards developed under Federal Rule of Civil Procedure 26(c) ("Confidential Information").

ACCORDINGLY, THE PARTIES HEREBY STIPULATE AS FOLLOWS:

1. **Proceedings and Information Governed.** This Protective Order shall govern any document (as used in Federal Rule of Civil Procedure 34(a)), information or other thing produced or otherwise furnished by all Parties and non-Parties to any Party in connection with discovery in this action, which contains Confidential Information. The information protected may include, but is not limited to, responses to requests to produce documents or other things, documents produced pursuant to a request for production of documents or other things, documents produced pursuant to subpoena, responses to interrogatories, responses to requests for admissions, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof.

2. **Designation of Information for Protection Under This Protective Order.**

(a) Any such information produced in this action that is reasonably believed by the producing Party to be Confidential Information may be designated as "**CONFIDENTIAL**." The appropriate designation may be made by stamping or otherwise marking the document or other source of information "**CONFIDENTIAL**" prior to production. A producing Party may designate as "**CONFIDENTIAL**" any material that a producing Party supplies via computer data storage media (e.g., on a CD) by marking the word "**CONFIDENTIAL**" on the media containing the information intended to be so designated.

(b) In the case of a deposition, the Party or non-Party that desires to invoke the protection of this Protective Order for **CONFIDENTIAL** testimony or evidence produced at the deposition shall (1) state such an intention on the record either during the deposition or at the conclusion of the testimony; or (2) transmit written notice of such designation to counsel for all other parties within thirty (30) days after the mailing to counsel of the transcript of the deposition. Additionally, the Party or non-Party shall request the court reporter to attach a copy of this Protective Order to the deposition transcript. If notice was provided prior to the deposition transcript's transmission, the court reporter shall mark the cover page of the deposition transcript prepared in connection with the proceeding "**CONFIDENTIAL PURSUANT TO COURT ORDER**." The Parties shall treat a deposition transcript as **CONFIDENTIAL** for thirty (30) days following the mailing of the deposition transcript in the event that a Party or non-Party provides written notice of intent to treat the deposition as **CONFIDENTIAL**, yet did not state such an intention at the deposition.

(c) If any Party disagrees with the producing Party's designation of particular information as "**CONFIDENTIAL**," the Parties agree to meet and confer in good faith regarding the designation. As part of the meet and confer process, the Party challenging the producing Party's designation must provide written notice to the producing Party identifying with specificity the discovery material to which the challenge is directed and the basis for the challenge. If the producing Party or any other Party disputes the challenge to the designation of the discovery material as "**CONFIDENTIAL**" and such dispute cannot be resolved informally within ten (10)

court days of receipt of such written notice, the Party challenging the designation may refer the matter to the Court, by way of a motion or other agreed procedure, for resolution. The Party designating the discovery material as "**CONFIDENTIAL**" will have the burden of proving that the challenged discovery material is entitled to the protection of the designation of "**CONFIDENTIAL**."

3. **Disclosure of Confidential Information.** Information marked "**CONFIDENTIAL**" may be disclosed by the receiving Party to the following recipients only:

(a) The litigation attorneys of record in this action and any outside litigation attorneys retained by any of the Parties or their counsel in this action to consult on the litigation, and their respective associates, clerks, legal assistants, paralegals, secretarial and clerical employees, stenographic and support personnel, and organizations retained by such attorneys to provide litigation support services in this action and/or appeal of this action and the employees of said organizations (including, without limitation, copy services, litigation consulting services, and graphics services);

(b) The Parties and their officers, directors and employees;

(c) Independent experts and consultants retained in this action by the attorneys of record, and the employees of such experts and consultants who are assisting them; and

(d) Any judges or referees of the United States District Court, Northern District of California, San Francisco Division ("Northern District"), to whom this action is assigned, Northern District staff, and any jurors before whom the case is tried.

(e) Witnesses, or potential witnesses, to this litigation, subject to and conditioned upon compliance with the terms of this Protective Order.

(f) Any mediator, arbitrator, or other alternative dispute resolution facilitator retained for this litigation, subject to the confidentiality inherent in such proceedings

4. **Non-Disclosure Agreement.** Each person referred to in paragraph 3 (c) – (f), except Court, clerical and stenographic personnel, to whom Confidential Information is to be given, shown, disclosed, made available or communicated in any way, shall execute a confidentiality agreement in the form of Exhibit "A." Counsel for the Party who intends to

disclose Confidential Information to any person referred to in paragraphs 3 (c) – (f), except to Court, clerical and stenographic personnel, shall be responsible for obtaining an executed confidentiality agreement from each individual to whom the Confidential Information will be disclosed. As needed, the agreement shall be executed before any disclosure occurs.

5. **Use.** Confidential Information shall be used by the Parties to whom it is disclosed solely for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose. Confidential Information shall not be used by such Parties for any business or other purpose. No Party who is furnished Confidential Information shall disclose it to any person not entitled under this Protective Order to receive it.

6. **Court Procedures.**

(a) Notwithstanding any other provision of this Protective Order, nothing herein shall be deemed to require or authorize filing any documents under seal in this Court. The Parties stipulate, and the Court hereby orders, that any Party seeking to file any document or documents under seal shall comply with the Federal Rules of Civil Procedure and all applicable local rules.

(b) Parties submitting purportedly Confidential Information to the Court in support of any discovery motion or proceeding shall endeavor in good faith to restrict their filings or other submissions to Confidential Information that is reasonably necessary for the Court to consider in connection with the issue or matter for which the Confidential Information is submitted.

(c) Nothing in this Protective Order shall bar or otherwise restrict authorized Court personnel from obtaining access to Confidential Information. In the event that any Confidential Information is used in any court proceeding in this action, it shall not lose its confidential status through such use.

7. **Disclosure of Author or Addressee.** Nothing herein shall prohibit a Party, or its counsel, from disclosing a document which is Confidential Information to the person who is, from the face of the document, the author, a copy recipient or addressee of such document.

8. **Deposition.** Deposition testimony and exhibits designated by the producing Party as "CONFIDENTIAL" pursuant to the provisions of section 2 shall be clearly marked on each page "CONFIDENTIAL." All Parties in possession of copies of said deposition testimony and exhibits shall be responsible for marking the appropriate pages of those documents "CONFIDENTIAL" upon notification of such designation.

9. **Exclusion from Deposition.** Whenever any documents, information or other things designated as "CONFIDENTIAL" are to be discussed or disclosed in a deposition, a Party or non-Party claiming such confidentiality may request that any person who is not entitled to receive documents, information or other things designated as "CONFIDENTIAL" be excluded from the room. The exclusion of a person from a deposition shall be on a question by question basis or on the basis of particular documents that have been designated confidential and are the subject of questioning. If the Parties or non-Parties disagree over whether the exclusion of a particular person is appropriate, the dispute will be submitted to the Court for resolution.

10. **Inadvertent Disclosure.** If a Party or non-Party inadvertently produces a document that it later discovers to be a privileged document, the production of that document shall not be deemed to constitute the waiver of any applicable privileges. In such circumstances, the producing Party must immediately notify the receiving Party of the inadvertent production, and request the return or confirmed destruction of the privileged materials.

11. **Nonconfidential Information.**

    (a) Any information or other thing produced or otherwise furnished by all Parties and non-Parties to any Party in connection with discovery in this action shall not be deemed Confidential Information if the content or substance thereof:

    (i) is already in the public domain at the time of disclosure; or

    (ii) becomes part of the public domain at any time, unless as a result of (A) action or failure to act where there is a duty to act, on the part of the receiving Party, or (B) any malfeasance or breach of duty by any non-Parties; or

        (iii) is made available to the receiving Party by a non-Party who obtained the same by legal means and without any obligation of confidence to the disclosing Party.

    (b) In the event that any designation of discovery material as "CONFIDENTIAL" is or becomes inconsistent with the terms of this paragraph, such designation shall be honored by the Parties until amended by agreement among the Parties (and, if produced by a non-Party, the non-Party), until otherwise ordered by the Court, or until the conclusion of this action.

    12. **Return of Information.** The provisions of this Protective Order shall, absent written permission of the producing Party, continue to be binding throughout and after the conclusion of this action, including without limitation any appeals therefrom. Within 60 days of the conclusion of this case, whether by settlement or judgment and after all appeals have been exhausted, all Parties shall either return all Confidential documents under this agreement to the Party or non-Party producing such documents or destroy all such documents and provide the producing Party or non-Party with a declaration stating that all such documents have been destroyed.

    13. **Inconsistent Designations.** In the event a Party or non-Party produces two or more identical copies of a document and any such copy is designated with a lesser degree of confidentiality than any other copy, all such identical documents shall be treated in accordance with the more restrictive designation on any copy once the inconsistent designation is known, pending resolution of the issue. Whichever Party or non-Party (or its, his or her counsel) first discovers such inconsistent designation shall promptly contact counsel for the other Party or non-Party, whereupon counsel for the Parties or non-Parties shall meet and confer in good faith to try to resolve which designation should apply to the inconsistently designated document(s). If counsel cannot agree to resolve the inconsistent designation, such dispute shall be treated as an objection to the more restrictive designation and resolved as provided in ¶ 2(c) of this Protective Order.

14. **Effective Date.** This Protective Order shall apply upon the Court issuing an Order granting this Protective Order.

15. **Jurisdiction.** Any Party or non-Party covered by this Protective Order hereby agrees to be subject to the restrictions imposed by this Protective Order and to submit his or her person to the jurisdiction of the above-entitled court for the limited purpose of securing compliance with the terms of this Protective Order. In the event that any person or Party shall violate or threaten to violate any term of this Protective Order, the Parties agree that the aggrieved Party may immediately apply to obtain injunctive relief against any such person or Party, and may seek damages from the Court for the violation of this Protective Order, through whatever legal means are available to the Party at the time. The amount of damages shall be proven in accordance with applicable law.

16. **Modifications.** Nothing herein shall prevent any Party from seeking entry of an order, upon an appropriate showing, either modifying the terms of this Protective Order in any respect, or vacating this Protective Order entirely.

17. **Reservation of Rights.** Entering into, agreeing to, and/or producing or receiving information or material designated as "Confidential" or otherwise complying with the terms of this Protective Order shall not:

(a) prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

(b) prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order;

(c) prejudice in any way the rights of a Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

(d) prevent the Parties to this Protective Order from agreeing in writing or on the record during deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material;

    (e)    limit a Party's ability to grant non-Parties access to its own documents and/or information.

18. **Third Party Subpoena to Receiving Party**

    (a)    Any Party who receives a subpoena or court order outside of this litigation for the production of Documents or information that were produced to the receiving Party in this litigation as part of discovery and which were designated "**CONFIDENTIAL**" pursuant to this Protective Order shall give the producing Party (or their counsel) reasonable notice before furnishing or permitting inspection of such documents or information.

    (b)    Delivery to the producing Party of written notice ten (10) days in advance of the return or response date for any such subpoena or the compliance date for such order from the receiving Party shall be deemed to be reasonable notice. In the event that there is insufficient time for ten (10) days' notice to the producing Party (or their counsel), the receiving Party shall (i) request an extension of the return date, response date, or compliance date from the subpoenaing Party (but is not obligated to move for a protective order); and (ii) as soon as practicable, advise the producing Party (or their counsel) of the circumstances. Such notice shall be deemed to be reasonable if the subpoenaing Party or court issuing the subpoena or order does not agree to an extension.

    (c)    This does not limit a Party's ability to grant non-Parties access to its own documents and/or information. Nor does this provision in any way limit or obviate any Confidential Nondisclosure Agreement, to the extent one exists, previously entered into by the Parties with respect to documents or information shared between the Parties and sought by third parties.

19. **Survival.** The terms of this Protective Order shall survive and remain in full force and effect after the termination of the above-entitled action.

20. **Counterparts.** This Protective Order may be executed by the Parties hereto on separate copies, each of which shall be submitted with the original to the Court for its approval.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| Dated: March 26, 2013 | | LAW OFFICES OF MARK A. WASSER |

By _____
MARK A. WASSER
Attorneys for Plaintiff
TODD HANSEN

Dated: March 26, 2013          DLA PIPER LLP (US)

By _Maria C. Rodriguez_ /mk
MARIA C. RODRIGUEZ
Attorneys for Defendant
CLEAR CHANNEL OUTDOOR, INC.

Dated: March 28, 2013

**IT IS SO ORDERED**

_Maxine M. Chesney_
Judge Maxine M. Chesney

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA